UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>MARCO POLO RODRIGUEZ<br><br>Defendant. | Case No.:  17cr2195-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**<br><br>**[DOCKET NUMBERS 93, 96, 103.]** |
|---|---|

    Marco Polo Rodriguez pled guilty in 2017 to importing methamphetamine in violation of 21 U.S.C. §§ 952 and 960, and was sentenced to 71 months in custody to be followed by six years' Supervised Release. Rodriguez has moved for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A). According to the briefing, he is in custody at Terminal Island, where his projected release date is September 8, 2021. Bureau of Prison (BOP) records suggest he has been transferred to a residential reentry program in Long Beach. He seeks early release principally because he has a high-risk comorbidity, obesity.

    Under 18 U.S.C. § 3582(c)(1)(A), a court may under certain circumstances grant a defendant's motion to modify his term of imprisonment. The defendant must first petition the Bureau of Prisons (BOP) to file the motion on his behalf. A

court may not grant the motion unless the defendant fully exhausts his administrative rights with BOP. Assuming the exhaustion requirement is met, a Court may then in its discretion modify or reduce the defendant's term of imprisonment after reconsidering the factors set forth in 18 U.S.C. § 3553(a). The Court must conclude that "extraordinary and compelling reasons" warrant the reduction. *United States v. Holden*, 2020 WL 1673440, at *3 (D. Or. 2020). Rodriguez has met the exhaustion requirement.

Although Rodriguez is slightly obese, he is 25 years old and in generally good health. He has never suffered from a serious physical or mental condition. The risks to Rodriguez if he were to contract COVID-19 are speculative. He also has not shown that he cannot obtain adequate health care during the remainder of his sentence. This was true when he was held at Terminal Island and applies with even more force now that he is in a residential reentry program.

After considering Rodriguez's arguments, the Court finds the § 3553(a) factors continue to support the imposition of his original sentence. His offense — importing 24.3 kilograms of methamphetamine, 1,001.7 grams of fentanyl, and 2,995 grams of cocaine into the United States — is unquestionably serious. Rodriguez served approximately 50 months of the 71 month sentence the Court imposed, less than 75% of the original sentence. Reweighing the § 3553(a) factors, the Court finds these factors — especially the need for deterrence — support Rodriguez's continued confinement.

Rodriguez was participating in the RDAP program until Terminal Island suspended it. However, under 28 U.S.C. § 994(t), "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." Even assuming he is still being denied an opportunity to participate in RDAP, its unavailability does not provide adequate reason for early release.

/ / /

/ / /

The Court finds that Rodriguez hasn't demonstrated "extraordinary and compelling reasons" to warrant modification of his sentence. His Motion for early release is **DENIED**.

**IT IS SO ORDERED**.

Dated: April 21, 2021

Honorable Larry Alan Burns
United States District Judge